UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAMARR FLETCHER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 3:12-cv-00830 |
| ) | Judge Trauger |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## M E M O R A N D U M

The movant,[1] proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket No. 1). The movant presently is incarcerated at the Lexington Federal Medical Center in Lexington, Kentucky.

**I.   Background**

The defendant was convicted following a jury trial of nine counts of drug trafficking offenses under 21 U.S.C. §§ 841 and 846, including conspiracy to distribute cocaine; possession with an intent to distribute cocaine, cocaine base, and marijuana; and distribution of cocaine and cocaine base. *United States v. Lamarr Fletcher*, 3:03-cr-00190-2 (M.D. Tenn. 2006)(Docket No. 391). Following the conviction, the court sentenced Fletcher to 168 months of imprisonment. (*Id.*, Docket No. 466).

The defendant appealed his conviction and sentence. (*Id.*, Docket No. 469). On appeal, he argued that the government failed to disclose exculpatory evidence, there was insufficient evidence to support the jury's drug quantity findings by proof beyond a reasonable doubt, the district court's

---

[1] Throughout this memorandum, Lamarr Fletcher is referred to as Fletcher, the movant, and defendant interchangeably.

1

calculation of the Guidelines' advisory sentencing range was erroneous, the police lacked probable cause to obtain a search warrant to conduct a second search of the defendant's residence while he was in custody, his consent to the first search of his residence was not given intelligently and voluntarily, the police did not inform him of his *Miranda* rights following his arrest and interrogation, the district court erred in not granting him a new trial, and that his counsel was ineffective. (*Id.*)

In affirming both the defendant's conviction and sentence on October 1, 2008, the Sixth Circuit found that the district court had erred by relying on the presentence report in determining the drug quantity at issue and remanded the case for resentencing and determination of the correct drug quantity. However, the court found the error ultimately was harmless because the trial testimony on the subject placed Fletcher within the same guideline range. (*Id.*, Docket No. 525)("the first direct appeal"). The Court affirmed the court's decision in all other respects, reserving Fletcher's ineffective assistance of counsel claim "in light of [the Court's] practice to 'generally . . . not review ineffective assistance of counsel claims on direct appeal because the record is insufficiently developed to assess the merits of such claims.'" (*Id.* at p. 13).

On November 17, 2008, before the decision on appeal was issued, the defendant filed a *pro se* letter requesting sentence modification and jail credit, arguing that the Bureau of Prisons should have credited his federal sentence with time he served in state custody. (*Id.*, Docket No. 527). The United States responded that the district court did not have jurisdiction because the case was on appeal (*Id.*, Docket No. 529), and the district court agreed on December 4, 2008. (*Id.*, Docket No. 530).

On November 24, 2009, the defendant filed a petition for writ of *habeas corpus* under 18

2

U.S.C. § 2241 in the Eastern District of Kentucky, where he was incarcerated, again challenging the BOP's computation of his jail credit. *Lamarr Fletcher v. Attorney General of the United States*, No. 5:09-cv-00379 (E.D. Ky. April 16, 2010)). Because the defendant "was also pursuing relief in the District Court in the Middle District of Tennessee," the district court in Kentucky stayed the proceedings. (*Id.*, Docket No. 11). The Kentucky court ultimately dismissed the defendant's petition on October 5, 2010. (*Id.*, Docket No. 19). The defendant appealed the decision on October 14, 2010. (*Id.*, Docket No. 22). That appeal currently is pending in the Sixth Circuit in case No. 10-6277.

The court held the defendant's remanded sentencing hearing on May 3, 2010. *Fletcher*, No. 3:03-cr-00190-2 (M.D. Tenn. 2006)(Docket No. 619). The court based the guideline range on the jury's findings with respect to drug quantity, which resulted in a mandatory minimum sentence of ten years of imprisonment. The court calculated the applicable guidelines range as 151 to 188 months, based on an offense level of 32 and a criminal history category of III. After analyzing the factors under 18 U.S.C. § 3553(a), the court again sentenced Fletcher to 168 months. (*Id.*, Docket No. 620).

The defendant filed a timely notice of appeal on May 10, 2010. (*Id.,* Docket No. 622). The Sixth Circuit granted the defendant's request to represent himself on his second appeal. (*Id.*, Docket No. 629). Fletcher argued that the district court had imposed a sentence that was unreasonable.

Concluding that "[t]he 168-month sentence fell within the applicable guidelines range, and there is no evidence the district court considered any impermissible factors or gave an unreasonable amount of weight to a particular factor," the Sixth Circuit affirmed Fletcher's sentence as procedurally and substantively reasonable on Jan 13, 2011 ("the second direct appeal"). (*Id.,* Docket

3

No. 645). The defendant then petitioned the Supreme Court for a *writ of certiorari* on July 14, 2011, which was denied on October 31, 2011. (*Id.,* Docket No. 666).

The defendant also filed a motion for a reduction in his sentence based on the retroactive amendment to the Guidelines involving cocaine base. *(Id.,* Docket No. 667). The court denied this motion on February 21, 2012, because the amendment did not lower the defendant's Guidelines range. (*Id.,* Docket No. 674). On March 7, 2012, the defendant filed a notice of appeal of that decision. (*Id.,* Docket No. 675).

The defendant filed another petition for a reduction of his sentence based on the retroactive amendment involving cocaine base, also known as crack cocaine, on April 19, 2012. (*Id.,* Docket No. 678). The court denied the motion on May 1, 2012, for the reasons previously stated. (*Id.,* Docket No. 680). The defendant appealed the court's decision. (*Id.,* Docket No. 681).

On July 10, 2012, the Sixth Circuit consolidated the movant's most recent appeal with the movant's earlier appeal of the denial of his resentencing based on the crack amendment. On February 1, 2013, the Sixth Circuit affirmed the court's decision, finding that the court correctly concluded that it lacked authority to reduce Fletcher's sentence under 18 U.S.C. § 3582(c)(2). (*Id*., Docket No. 682).

**II.     The Instant Motion**

On August 13, 2012, the movant filed the instant § 2255 motion to vacate, set aside or correct his sentence. (Docket No. 1). In his § 2255 motion, the movant presents three grounds for relief. First, the movant alleges that the district court judge was biased and prejudiced towards the defendant. (Docket No. 1 at p. 4). Second, the movant alleges that the prosecutor improperly vouched for the drug quantity in closing arguments. (*Id.* at p. 21). Third, the movant alleges that

4

he received ineffective assistance of counsel at trial. The movant names the United States of America as the respondent. (*Id.* at p. 25).

Pursuant to Rule 4, Rules– Section 2255 Proceedings, the court conducted a preliminary examination of the motion and determined that it was not readily apparent on the face of the motion that the movant is not entitled to relief. (Docket No. 10). Accordingly, the court entered an order on August 23, 2012, directing the respondent to answer or otherwise respond to the motion. (*Id.*) The respondent filed a response, asserting that the court should deny the motion and dismiss the action (Docket No. 19), to which the movant has submitted a reply in opposition (Docket No. 22). The respondent concedes that Fletcher's motion was timely filed. (Docket No. 19 at p. 1). The movant recently filed a "Motion to Rule upon the Merits." (Docket No. 23).

Having carefully considered the record, the court concludes that an evidentiary hearing is not needed. Consequently, the court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules– § 2255 Cases. *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief).

### III. Analysis of the Claims

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress*

*v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Grifin v. United* States, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United* States, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

### A. Trial judge bias

The movant's first claim is that the trial judge[2] was biased and prejudiced towards the defendant. (Docket No. 1 at p. 4). The respondent contends that the movant has never presented this claim at any of the defendant's various appeals, sentencings, or other actions; consequently, this claim is procedurally defaulted. (Docket No. 19 at p. 4). The respondent further contends that the movant has not succeeded in showing that his default should be excused and his claim considered. (*Id.*)

Except for a claim of ineffective assistance of counsel, a federal prisoner's failure to raise a claim on direct appeal results in a procedural default of that claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States,* 269 F.3d 693, 698 (6th Cir. 2001); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000). Thus, for a federal prisoner to obtain review of a defaulted claim in a § 2255 motion, he must show cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation. *Bousley*, 523 U.S. at 622. To demonstrate

---

[2] Honorable Todd J. Campbell presided over the defendant's case. The instant § 2255 motion was assigned to Judge Campbell but, after the movant filed a motion to disqualify Judge Campbell for his alleged bias towards the defendant (Docket No. 5), Judge Campbell recused himself (Docket No. 7) and this case was reassigned.

cause, the movant must show that an objective factor external to the defense interfered with his ability to comply with the procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. *Brooks v. Tenn.,* 626 F.3d 878, 890 (6th Cir. 2010). If the prisoner fails to establish cause, it is unnecessary to determine if he was prejudiced by the alleged violation. *Id.* at 623.

If the prisoner is unable to show cause and prejudice, he may still be able to obtain review of his claims if his case fits within a narrow class of cases permitting review in order to prevent a fundamental miscarriage of justice, as when he submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent. *Bousley*, 523 U.S. at 622-23 (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)).

Fletcher admits that his bias claim is defaulted because he did not raise it on appeal. (Docket No. 1 at p. 19). In his § 2255 motion, he argues that the court nevertheless should excuse his default. (*Id.*) As cause for excusing his default, the movant asserts that, if he had raised the judge's bias during trial, the judge would have removed him from the courtroom and continued the trial in the defendant's absence. (*Id.*) This assertion is nonsensical speculation by Fletcher. Moreover, it does not explain why Fletcher could not and did not raise the trial judge's alleged bias on either his first or second appeal. Although Fletcher contends that, had he raised the issue on direct appeal, he "would have foregone the opportunity to develop a factual record" as to his bias claim (Docket No. 1 at p. 6A), Fletcher would have been aware of the facts supporting his claim during the trial and sentencing that preceded his first appeal.

A *habeas* movant cannot rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or

7

argument as to the precise cause and prejudice produced. *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006). The movant here has not done so.

Neither can the movant prove that he is actually innocent of the crimes for which he was convicted. *Hampton*, 191 F.3d 695, 698 (6th Cir. 1999)(quoting *Bousley*, 523 U.S. 614 (1998))(actual innocence can excuse a defaulted claim). The movant argues that he "is actually innocent of the 5 kilo and 50 grams conspiracy convictions," alleging that, if he had been allowed "to thoroughly cross examine government witnesses as to drug quantity," he would have been found innocent. (Docket No. 1 at p. 22). An actual innocence claim must be based on "new evidence." *See Schlup v. Delo*, 513 U.S. 298, 327 (1995)(petitioner must show that, in light of the new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt). By "new evidence," the Court means "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Id.* at 324. The movant here does not offer any such new evidence; he simply seeks to retry his case and, in particular, relitigate the drug quantity issue.

For all of the reasons explained above, the court finds that the movant's first claim will not support an award of *habeas corpus* relief.

### B. Prosecutorial misconduct

The movant's second claim is that the prosecutor improperly vouched for the drug quantity in closing arguments. (Docket No. 1 at p. 21). As with his first claim, the movant concedes that this claim is procedurally defaulted but asserts that the court should excuse his default. (*Id.* at pp. 19, 23). He contends that he could not raise this issue until the remanded sentencing because it was then that he learned that the prosecution would only hold him accountable for two kilograms. (*Id.*

at pp. 21, 23). However, even at the second sentencing, where Fletcher knew the prosecution would only hold him accountable for two kilograms, Fletcher did not raise the issue.[3]

Fletcher has had no less than five (5) occasions to litigate the drug quantity issue, and he could have raised the issue of the prosecutor's statements during any of those opportunities. He did not. Because the movant has not established cause for his procedural default, the court need not address whether he has shown prejudice. Further, as discussed above, Fletcher has not established that he is actually innocent of the crimes for which he was convicted. For these reasons, the court finds that the movant's second claim will not support an award of *habeas corpus* relief.

### C. Assistance of counsel

The movant's third and final claim is that he received constitutionally ineffective assistance of counsel at trial. The respondent argues that the movant's ineffective assistance claim is meritless because the defendant represented himself at trial. (Docket No. 19 at p. 9). The movant contends that he was "forced" to represent himself by the trial judge. (Docket No. 1 at p. 25). He also contends that his stand-by counsel rendered ineffective assistance during his trial. (*Id.*)

The Sixth Amendment to the United States Constitution guarantees the right of a person accused of a crime to the effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) deficient performance of counsel and (2) prejudice to the defendant. *See Bell v. Cone*, 535 U.S. 685, 694-95 (2002). Trial counsel's performance is deficient when it falls below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 686-87 (1984); *Combs v. Coyle*, 205 F.3d 269, 278 (6th Cir. 2000), *cert. denied*, 531

---

[3] At the second direct appeal, the defendant argued that the district court erred by relying on the jury verdict in determining the drug quantity, that the verdict with respect to the drug quantity was supported by insufficient evidence, that his prior convictions were not counseled, and that his sentence was unreasonably long. *United States v. Fletcher*, No. 10-5606, at *2 (6th Cir. Jan. 13, 2011).

9

U.S. 1035 (2000). In assessing performance, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. Reasonable attorneys may disagree on the appropriate strategy for defending a client. *Bigelow v. Williams,* 367 F.3d 562, 570 (6th Cir. 2004).

The prejudice element requires a petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. In the context of a guilty plea, to satisfy the second *Strickland* prong, a petitioner must show that, but for the counsel's alleged errors, he would not have pleaded guilty but would have insisted upon going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Miller v. Straub*, 299 F.3d 570, 578 (6th Cir. 2002).

A court hearing an ineffective assistance of counsel claim must consider the totality of the evidence. *Strickland,* 466 U.S. at 695. "The determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was 'snatched from the jaws of victory.'" *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996)(quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992)(*en banc*)). "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. The movant bears the burden of establishing his claim.

10

Here, Fletcher proceeded *pro se* at trial with standby counsel, but Fletcher asserts that the court "forced" him to represent himself. (Docket No. 1 at p. 25). This allegation is contradicted by the record. Fletcher had three attorneys appointed to represent him. On June 8, 2006, Fletcher's fourth defense attorney, Thomas Drake, filed a motion to allow defendant to represent himself and to permit counsel to withdraw from representing Fletcher *at Fletcher's request*. (Docket No. 348). The court held a hearing on the motion on June 12, 2006, at which time Fletcher told the court that he did not want to represent himself but that he felt forced to represent himself because, in his opinion, his appointed lawyer was not adequately representing him. The court stated:

> Mr. Fletcher, you have had four lawyers. You have had eight continuances of this trial. This trial has been pending since October of 2003. Seven of the eight continuances were at your request. The case is set for trial a week from tomorrow. The case is going to trial a week from tomorrow. You need to say whether you want to represent yourself or whether you want Mr. Drake to represent you. I don't believe there is a conflict sufficient between the two of you to relieve Mr. Drake from representation of you. If you want to represent yourself, I need to give you some warnings so that it is done knowingly, intelligently, and voluntarily. But you have got to make the decision first about whether you want to represent yourself or whether you want Mr. Drake to represent you.

(Docket No. 479 at pp.10-11, Sealed). Fletcher then stated: "I would request to represent myself than Mr. Drake represent me." (*Id.* at p. 11).

The court then asked Fletcher a number of questions. The court advised him of his right to counsel and the risks of representing himself:

> It is my opinion that you would be much better off with Mr. Drake as a trained lawyer to represent you. I think it is unwise for you to proceed pro se. You are not sufficiently familiar with the law. You are not sufficiently familiar with court procedure. You are not familiar with the rules of evidence to the degree you need to be, and I urge you strongly not to represent yourself. **I think that it would be foolish. I think you are much better off with a lawyer.** Now,

11

knowing all of that do you still want to represent yourself?

(*Id.* at pp. 15-16)(emphasis added). Fletcher answered: "Yes, sir." (*Id.* at p. 16). However, when the court asked Fletcher if his decision was voluntary, Fletcher insisted, as he does now, that it was not. Because, as Fletcher himself explained, two of his former lawyers got sick and two others he "can't get along with," Fletcher told the court that he had no choice but to represent himself. (*Id.*) The court disagreed and told Fletcher that he could have some time to think about his choice. The court also told Fletcher that Mr. Drake was "doing a good job, from the Court's point of view." (*Id.* at p. 18). After a recess, Fletcher announced to the court: "I will represent myself." The court asked: "Are you sure?" and Fletcher responded: "Yes, sir." (*Id.*)

At that time Fletcher presented a Waiver of Rights to Counsel form to the court which he had revised by scratching out "I want to waive my rights to counsel" and writing instead "I 'do not' want to waive my rights to counsel [.] I am being forced to represent myself at trial because my lawyer said he will not represent me." (Ex. 2 to Docket No. 352). The judge refused to accept the revised form, stating that he did not think Fletcher's statement was factually accurate. (Docket No. 353). The judge then asked counsel if he had ever told his client that he would not represent him, to which counsel responded: "No, Your Honor. I haven't told him that." (*Id.* at p. 19).

After questioning Fletcher further, the court found that Fletcher knowingly, intelligently, and voluntarily waived his right to counsel and granted Fletcher's motion to allow defendant to represent himself. (Docket No. 354). However, the court ordered attorney Thomas Drake to attend Fletcher's trial and serve as standby counsel. (*Id.*)

By arguing that he was forced to represent himself by the district court judge, Fletcher effectively challenges his waiver of his right to be represented by an attorney. However, as set

forth above, the court went to great lengths to assure that Fletcher's waiver of right to appointed counsel was knowing, intelligent, and voluntary. The judge told Fletcher in no uncertain terms that he thought Fletcher's decision to represent himself was foolish; still, Fletcher opted to proceed *pro se*.

He now must accept the consequences of his decision. "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel." *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975); *see also Long v. United States*, 2011 WL 3876582, at **5-6 (E.D. Tenn. Aug. 31, 2011)(rejecting petitioner's claim that he did not knowingly waive his right to counsel where petitioner had had three attorneys represented to defend him, was told there would not be a fourth and that he would have to proceed *pro se* if he could not get along with the third attorney, and nonetheless elected to have the third attorney relieved of his responsibility as counsel of record and proceeded *pro se*).

To the extent Fletcher argues that his standby counsel rendered ineffective assistance at trial, the Sixth Circuit Court of Appeals has refused to impose upon standby counsel the same obligations that an attorney would have if the defendant were not proceeding *pro se*. *Holmes v. United States*, 281 Fed. Appx. 475, 480-81 (6th Cir. 2008). In *Wilson v. Parker*, 515 F.3d 683 (6th Cir. 2008), the Sixth Circuit rejected a *pro se* defendant's claim of ineffective assistance of standby counsel because logically, "a defendant cannot waive his right to counsel and then complain about the quality of his own defense," and to the extent standby counsel failed to act during trial, the defendant "merely suffered the consequences of his decision to proceed pro se." *Id*. at 696-97. "This rule is not altered merely because [a *pro se* defendant] elect[s] hybrid representation." *See Marcusse v. United States*, 2012 WL 5306258, at *21 (W.D. Mich. Oct. 26, 2012)(citing *Blanton v. Thaler*, 2010 WL 5538408,

13

at *3 (N.D. Tex. Dec. 7, 2010)(holding that, where counsel and defendant split some of the responsibilities at trial, defendant nevertheless remained *pro se* and could not challenge standby counsel's effectiveness)).

Fletcher claims that standby counsel made a number of errors and omissions constituting ineffective representation, such as failing to file certain pre-trial motions, failing to cross-examine or to assist Fletcher in cross-examining witnesses, and failing to prepare or to assist Fletcher in preparing jury instructions. Fletcher insists that, because standby counsel failed to consult with and advocate for him, the jury found that Fletcher's offense involved at least five (5) kilograms of powder cocaine, giving Fletcher a much longer sentence than he deserved. However, Fletcher's considered decision, made against the advice of the district judge, to represent himself rendered Drake's counsel *advisory*. Thus, "[e]ven if standby counsel failed to act in some manner, such failure is an incidental effect of [defendant's decision to proceed *pro se*], and not the basis of an ineffective assistance of counsel claim." *Holmes*, 281 F. App'x 475, 480 (6th Cir. 2008); *see Brooks v. United States*, 2012 WL 3075129, at *2 (N.D. Ohio July 28, 2012)(rejecting ineffective assistance of counsel claim where defendant elected to represent himself; finding, "[a]s to the counsel's conduct before Brooks proceeded *pro se*, Brook's decision to represent himself also makes it virtually impossible to apply the *Strickland* test: the outcome of the case depended on both counsel and Brook's conducts.")(citing *Wilson*, 515 F.3d at 699 (6th Cir. 2008)); *Long v. United States*, 2011 WL 3876582, at *6 (E.D. Tenn. Aug. 31, 2011)(rejecting petitioner's claim that standby counsel was constitutionally ineffective by failing to investigate the case and never discussing defense strategy with petitioner because, by choosing to represent himself, petitioner could not claim ineffective assistance of counsel).

14

Thus, the court finds that the movant has not established ineffective assistance of counsel because he has not proved both prongs of the *Strickland* test. As do Fletcher's other two claims, this claim fails.

## V. Certificate of Appealability

When the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petitioner has not made a substantial showing of a constitutional right as to any of his three claims, a certificate of appealability will not issue with respect to those claims.

## VI. Conclusion

Having considered the § 2255 motion (Docket No. 1), the government's response, and the record as a whole, the court can find no reason to vacate, set aside or correct the movant's sentence. Fletcher's motion, therefore, lacks merit and will be denied. His motion to rule upon the merits (Docket No. 23) will be denied as moot.

An appropriate order will enter.

_____
Aleta A. Trauger
United States District Judge