UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| LAMARR FLETCHER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-00830 |
| | ) | Judge Trauger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

On August 13, 2012, the movant, Lamarr Fletcher, proceeding *pro se*, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on three grounds: the district court judge was biased and prejudiced against the defendant; the prosecutor improperly vouched for drug quantity in closing arguments; and the movant received ineffective assistance of counsel at trial. (Docket No. 1).

By order and accompanying memorandum entered on May 21, 2013, the court denied Fletcher's § 2255 motion on all grounds and dismissed this action with prejudice. (Docket Nos. 25 and 26). On May 22, 2013, Fletcher signed and dated a "Motion for Leave of Court to File Supplemental Pleadings to His § 2255 Motion." (Docket No. 29 at p. 7). By order entered on June 7, 2013, the court determined that it would entertain Fletcher's motion, which the court construed as a motion to amend his original § 2255 motion to add a new ground for relief pursuant to the May 17, 2013, Sixth Circuit panel decision in *Blewett*.[1] (Docket No. 33). The court ordered the United

---

[1] On May 17, 2013, a panel of the Sixth Circuit Court of Appeals entered a decision in *United States v. Blewett*, 719 F.3d 482, (6th Cir. 2013), finding that the application of racially discriminatory mandatory minimum crack sentences for those defendants sentenced prior to enactment of the Fair Sentencing Act would violate equal protection.

1

States Attorney to respond to Fletcher's motion, and the government subsequently filed a motion asking the court to hold Fletcher's motion to amend in abeyance pending the Sixth Circuit's en banc ruling in *Blewett*. (Docket No. 34).

The court granted the government's motion and, on December 3, 2013, the Sixth Circuit issued an *en banc* opinion rejecting the prior panel opinion in *Blewett* and holding that the Fair Sentencing Act (FSA) did not retroactively undo final sentences. *United States v. Blewett*, -- F.3d --, 2013 WL 6231727 (6th Cir. Dec. 3, 2013). In short order, the government filed its response to Fletcher's pending motion, asserting that Fletcher's proposed amended claim should be rejected based on the December 3, 2013, ruling. (Docket No. 48).

On February 2, 2014, Fletcher filed a "Motion to Amend § 2255 Motion." (Docket No. 50). In this newest motion, Fletcher claims a violation of his due process rights and asks the court to amend his judgment and commitment to reflect credit for time served. (*Id.*)

The court must now determine whether, in light of the Sixth Circuit's *en banc* decision in *Blewett* and other considerations, Fletcher should be permitted to amend his original § 2255 petition to add two additional claims. Pursuant to 28 U.S.C. § 2242, a federal *habeas* petition may be amended according to the requirements set forth in Federal Rule of Civil Procedure 15. *See Anderson v. United States*, No. 01-2476, 2002 WL 857742 at *3 (6th Cir. May 3, 2002); *Oleson v. United States*, No. 00-1938, 2001 WL 1631828 (6th Cir. Dec. 14, 2001)(stating that the mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 motion). In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, *i.e.*, if it could withstand a motion to dismiss under Federal

2

Rule of Civil Procedure 12(b)(6). *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir.1992). Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir.1990).

Here, Fletcher's first motion to amend (Docket No. 29) was timely filed and was not brought with dilatory motive. (*See* Docket No. 33). However, the court finds that granting Fletcher's motion to amend his petition to add his proposed fourth claim pursuant to the *Blewett* panel decision would be futile. Given that the Sixth Circuit now has held that the FSA–which applies to mandatory minimum sentences involving crack cocaine-- did not retroactively undo final sentences, the panel decision on which Fletcher relied in support of his motion to amend is no longer the governing law of this Circuit.

Moreover, as the government noted in its earlier motion, the overturned *Blewett* panel decision did not help Fletcher's argument to amend anyway. Fletcher was sentenced under the previous sentencing scheme that the FSA amended, for possessing not less than fifty (50) grams of crack cocaine. This sentence carried a ten (10) year mandatory minimum, but the court sentenced Fletcher to one hundred sixty-eight (168) months. Case No. 3:03-cr-00190 (Docket No. 620, p. 1). Fletcher also was convicted of possessing not less than five (5) kilograms of powder cocaine, a conviction also carrying a ten year mandatory minimum, and the court sentenced Fletcher to one hundred sixty-eight (168) months on this count as well. (*Id.*) Because the two sentences were ordered to be served concurrently, *(id.* at p. 2), even if the decision of the *Blewett* panel had been affirmed, Fletcher's ultimate term of imprisonment likely would not have been affected due to his 168-month sentence for *powder cocaine*. *See United States. v. Robertson*, 2006 WL 984730 (W.D.

3

Tenn. Apr. 13, 2006) (denying motion to amend or supplement *habeas* petition brought under 28 U.S.C. § 2255 with *Blakely* and *Booker* claims because amending would be futile since *Blakely* and *Booker* do not apply retroactively to cases on collateral review).

For those reasons, Fletcher's motion to amend his original § 2255 motion to add a new ground for relief pursuant to the May 17, 2013, Sixth Circuit panel decision in *Blewett* (Docket No. 29), will be **DENIED** as futile.

On February 20, 2014, Fletcher filed another motion to amend his original § 2255 motion, in which he seeks to add a fifth claim. (Docket No. 50). Notably, the court did not grant Fletcher permission to seek the amendment of his original § 2255 motion for any reason other than pursuing a fourth claim under the now-overturned *Blewett* panel decision. (*See* Docket No. 33, Order, "Under the circumstances described, the court finds that it is appropriate to entertain Fletcher's motion for leave of court to file supplemental pleadings, which the court construes as a motion to amend his original § 2255 motion <u>to add a new ground for relief pursuant to the May 17, 2013, Sixth Circuit panel decision in *Blewett*.</u>"(emphasis added)).

Setting that aside for the moment, Fletcher's proposed due process claim challenges the decision of the Bureau of Prison (BOP) not to credit all of Fletcher's time served to his federal sentence. (Docket No. 50 at pp. 1-2). However, a motion pursuant to § 2255 is not the appropriate method for challenging the execution of a federal sentence. Accordingly, Fletcher's motion to amend (Docket No. 50), which challenges the execution of his federal sentence despite Fletcher's assertion to the contrary (*id.* at p. 2), will be **DENIED**.

Title 28 U.S.C. § 2241 generally is used to challenge the execution of a sentence, or the manner in which a sentence is being served. *Muhammad Ali v. Tennessee Board of Pardon and*

4

*Paroles*, 431 F.3d 896, 896 (6th Cir. 2006). Relief under § 2241 is available where a petitioner has been denied his rights under the Constitution and/or laws of the United States. 28 U.S.C. § 2241(c)(3). Claims cognizable under § 2241 generally pertain to claims such as the computation of parole or sentencing credits. *Cohen v. United States*, 593 F.2d 766, 770-771 (6th Cir. 1979).

The court could *sua sponte* convert Fletcher's instant motion (Docket No. 50) to a § 2241 motion. However, whereas there is no filing fee for a motion brought pursuant to § 2255, there is a fee for filing a motion brought pursuant to § 2241. Should Fletcher wish to pursue a challenge to the execution of his sentence pursuant to § 2241, he would need to submit the required five dollar ($5.00) filing fee or an application to proceed *in forma pauperis* in lieu thereof.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge